UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIE C. GUMPAD,                                )<br>                                                              )<br>              Plaintiff,                                  )<br>                                                              )<br>      v.                                                     )        Civil Action No.  13-0749 (BAH)<br>                                                              )<br>COMMISSIONER OF SOCIAL SECURITY  )<br>ADMINISTRATION,                              )<br>                                                              )<br>              Defendant.                                ) | |

# MEMORANDUM OPINION

*Pro se* Plaintiffs Virgie C. Gumpad and Jovita C. Sansano have brought this action under the Social Security Act, 42 U.S.C. § 405(g).  In a one-page handwritten Complaint ("Compl."), Plaintiffs purport to be "substitute representatives" of deceased relatives Melchor and Ignacia Cupatan, who were denied Parent's Insurance Benefits.  Plaintiffs assert seemingly inconsistent claims that (1) "the SSA Appeals Council refused and still refuses to review the unfavorable ALJ decision dated February 11, 2010," and (2) the Cupatans "were deprived [of] due process" because the Appeals Council's review allegedly occurred after their deaths.  Compl.

Defendant Acting Social Security Commissioner Carolyn W. Colvin has moved for a judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on grounds that the Plaintiffs lack standing to pursue this action and, even if they had standing, they would be bound by the administrative decision and, in any event, ineligible to receive the Cupatans' benefits.  Def.'s Mot. for Judgment of Dismissal and Supporting Mem. of P. & A. ("Def.'s Mot."), at 4,  ECF No. 10.  Plaintiffs have opposed the motion and have also supplemented the Complaint.  *See* Pls.' Opp'n to Def.'s Mot. for Summ. Dismissal, ECF No. 12;

1

Pls.' Supplements to the Complaint, ECF No. 14; Pls.' Supplemental Manifestations, ECF No. 13 (Sealed). Upon consideration of the parties' submissions and the entire record, the Defendant's motion is granted and this case is dismissed.

**I. BACKGROUND**

Plaintiffs' claims are based on the following events. In May 2004, the Cupatans each applied for Parent's Insurance Benefits as the parents of Fely G. Cupatan, who died in June 1992. Decl. of Patrick J. Herbst, ECF No. 10-1, ¶ 3, Exs. 1A, 1B. The Cupatans claimed that at least one-half of their support came from Fely and that they therefore were entitled to parent's benefits under 42 U.S.C. § 402(h)(1).[1] On February 11, 2010, an Administrative Law Judge ("ALJ") denied both Cupatans' applications, finding that each claimant "ha[d] not provided adequate proof of at least one-half support." Herbst Decl., Ex. 3A (In re: Melchor Cupatan, Decision at 2); Ex. 3B (In re: Ignacia Cupatan, Decision at 2).[2] Ignacia Cupatan died in February

---

[1] The statute provides in relevant part:

> Every parent (as defined in this subsection) of an individual who died a fully insured individual, if such parent--
> (A) has attained age 62,
> (B)(i) was receiving at least one-half of his support from such individual at the time of such individual's death . . . and (ii) filed proof of such support within two years after the date of such death . . .,
> (C) has not married since such individual's death . . .,
> (D) is not entitled to old-age insurance benefits . . ., and
> (E) has filed application for parent's insurance benefits,
> shall be entitled to a parent's insurance benefit for each month beginning with the first month after August 1950 in which such parent becomes so entitled to such parent's insurance benefits . . . .

42 U.S.C. § 402(h)(1).

[2] The record before the ALJ indicates that the Cupatans admitted that they had not filed proof of the requisite one-half support with the SSA. Herbst Decl., Exhs. 1A and 1B to Exh. A, ECF No.

2

2009, one year before the issuance of the ALJ decision, Herbst Decl., Ex. 2, and Melchor Cupatan died in April 2012, two years after the issuance of the ALJ decision. *See* Compl. at 1.

Prior to Melchor Cupatan's death, the Appeals Council, in January 2012, denied his request "on behalf of self and Ignacia Cupatan" for review of the ALJ's decision, which became "the final decision of the Commissioner of Social Security." Herbst Decl., Ex. 4 (Jan. 23, 2012 Not. of Appeals Council Action). The Notice set forth the reasons for the denial of review and provided detailed information about filing a civil action within 60 days from receipt of the Notice and seeking an extension of time to file the action. *See id*. at 3-4.

On May 23, 2013, Plaintiffs filed their complaint, to which the Defendant filed an Answer, ECF No. 9, and the instant motion for judgment on the pleadings.

## II. LEGAL STANDARD

The Social Security Act confers jurisdiction upon this Court to review a "final decision of the Secretary made after a hearing to which [the plaintiff] was a party." 42 U.S.C. § 405(g). As the D.C. Circuit has explained, the " 'Commissioner's ultimate determination will not be disturbed if it is based on substantial evidence in the record and correctly applies the relevant legal standards.' " *Jones v. Astrue*, 647 F.3d 350, 355 (D.C. Cir. 2011) (quoting *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004)). Although Plaintiffs did not themselves apply for benefits, they claim that they are proceeding as the "substitute representatives" of the deceased subjects of a final decision. In the absence of any objection to Plaintiffs' alleged representational status, the Court is satisfied that it has subject matter jurisdiction and accepts

---

10-1 (indicating that in response to question 3(b), which asks "Have you filed proof of this support with the [SSA]?," the Cupatans checked the block for "No.").

that "this case is appropriately resolved by a motion for judgment on the pleadings" under Federal Rule of Civil Procedure 12(c).  Def.'s Mot. at 3.

Federal Rule 12(c) authorizes a party to move for judgment "[a]fter the pleadings are closed—but early enough not to delay trial."  A motion for judgment on the pleadings is resolved essentially in the same manner as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *Rollins v. Wackenhut Services*, 802 F. Supp. 2d 111, 116-17 (D.D.C. 2011) (citing cases), *aff'd*, 703 F.3d 122 (D.C. Cir. 2012).  In deciding a motion brought under either Rule 12(b)(6) or Rule 12(c), a court may not consider matters "outside the pleadings" without converting the motion to one for summary judgment.  Fed. R. Civ. P. 12(d).  Nevertheless, without triggering the conversion rule, a court may consider, "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint . . . or [as here] documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss."  *Hinton v. Corrections Corp. of America*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (citations and internal quotation marks omitted); *accord EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997).  In addition, a court may consider, without triggering the conversion rule, "matters of which . . . judicial notice" may be taken, *EEOC*, 117 F.3d at 624, such as an agency decision contained in the administrative record.  *See District Hosp. Partners, L.P. v. Sebelius*, No. 11-0116, --- F. Supp. 2d ---, 2013 WL 5273929, at *12 n.14 (D.D.C. Sept. 19, 2013); *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 48 (D.D.C. 2007), quoting *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir.1996) ("Indeed, it is a well-settled principle that the

decision of another court or agency, including the decision of an administrative law judge, is a proper subject of judicial notice.").

"Because a Rule 12(c) motion would summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation, the Court must treat Defendants' motion with the greatest of care and deny it if there are allegations in the complaint which, if proved, would provide a basis for recovery." *Rollins*, 802 F. Supp. 2d at 117 (quoting *Baumann v. District of Columbia*, 744 F. Supp. 2d 216, 221 (D.D.C. 2010)). To survive the instant motion, Plaintiffs need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge [their] claim[ ] across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

In reliance on Plaintiffs' identification of themselves in the Complaint as "the legitimate siblings" of the Cupatans, Defendant argued that Plaintiffs lack standing to pursue a claim for underpayment of benefits under 20 C.F.R. § 404.503.[3] *See* Def.'s Mot. at 3-4 ("qualified individuals for underpayment purposes are . . . surviving spouse, children, parents, and/or legal

---

[3] The regulation provides in relevant part:

> If an individual who has been underpaid dies before receiving payment or negotiating a check or checks representing such payment, we first apply any amounts due the deceased individual against any overpayments as defined in § 404.501(a) owed by the deceased individual . . . . We then will distribute any remaining underpayment to the living person (or persons) in the highest order of priority as follows:
> (1) The deceased individual's surviving spouse . . . .
> (3) The parent or parents of the deceased individual, entitled to a monthly benefit on the basis of the same earnings record as was the deceased individual for the month in which such individual died (if more than one such parent, in equal shares to each such parent) . . . .

5

representative . . . of the estate"). In their opposition, however, Plaintiffs clarified their relationship, referring to the Cupatans as their parents and to Fely as their sister. Pls.' Opp'n at 1. Since Defendant had not refuted this asserted fact in a reply, the Court ordered Defendant to supplement the record by (1) addressing whether its asserted basis for dismissal changes in light of Plaintiffs' claim that they are the Cupatans' surviving children and (2) explaining the application of the underpayment regulation (§ 404.503) to the ALJ's denial of Parent's Insurance Benefits. Feb. 6, 2014 Order, ECF No. 15.

In its supplemental brief, Defendant argues that "[t]he fact that plaintiffs now characterize themselves as the children of the Cupatans has . . . no effect whatsoever on the decision by [the ALJ] denying parent's insurance benefits to the Cupatans." Supplement to the Mot. for Judg. of Dismissal, ECF No. 6, at 2. Defendant reasons that "[t]he [ALJ's] denial was based on a failure by the Cupatans to provide sufficient evidence to show that they were entitled to such benefits." *Id*. As to the second aspect of the February 6 Order, defendant only reiterates that "under § 404.503 children do have standing to act as the substituted plaintiffs for their deceased parents." *Id*. (referring to opening brief). Defendant appears to suggest that this regulatory provision governs since Plaintiffs claim that the Cupatans' application for parental benefits was not resolved by SSA, and the Cupatans consequently were not paid the benefits to which they were entitled as parents of Fely.

Regardless, the gravamen of Plaintiffs' complaint is that "because of the <u>inaction</u> of the SSA by not reviewing said ALJ decision until Ignacia died . . . and Melchor died . . ., they died

---

(7) The legal representative of the estate of the deceased individual . . . .

20 C.F.R. § 404.503.

6

without having been afforded their fundamental rights or a day in court." Compl. (emphasis in original). This claim is not cognizable and without merit for at least three reasons. First, to the extent that Plaintiffs assert a due process violation, the claim is foreclosed by the "comprehensive remedial scheme of the Social Security Act." *Lazaridis v. Social Sec. Admin.*, 856 F. Supp. 2d 93, 99 (D.D.C. 2012) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 424-29 (1988)); *see also Friedman v. Sebelius*, 686 F.3d 813, 826 (2012) (reiterating that "Section 405(h) [of 42 U.S.C.] . . . makes [42 U.S.C.] § 405(g) the exclusive avenue for judicial review of [SSA] decisions") (quoting *Nat'l Kidney Patients Assoc. v. Sullivan*, 958 F.2d 1127, 1130 (D.C. Cir. 1992)) (alterations in original).

Second, contrary to what Plaintiffs have alleged, the record shows that the Appeals Council, in fact, reviewed the ALJ's decision prior to Melchor Cupatan's death and found no reason to disturb it. *See* Def.'s Ex. 4. Moreover, Defendant reasonably contends that Plaintiffs are bound by the ALJ's decision denying the Cupatans' applications for Parent's Insurance Benefits. Def.'s Mot. at 4. Specifically, the Cupatans submitted no evidence proving, as required, that Fely had provided at least one-half support to the Cupatans during the 12-month period immediately preceding her 1992 death, nearly 12 years before the Cupatans' application for benefits.

Third, even if Plaintiffs have an independent right to judicial review of the ALJ's decision, their complaint is untimely. This is so because, as the Council's Notice expressly advised, the Social Security Act requires a civil action to be brought "within sixty days after the mailing . . . of notice of [the Commissioner's final decision] or within such further time as the Commissioner . . . may allow," 42 U.S.C. § 405(g), but this action was commenced in May 2013, more than one

7

year after the final decision in January 2012.  Furthermore, there is nothing in the record to suggest that the Commissioner extended the 60-day limitations period.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings is granted and this case is dismissed.  A separate Order accompanies this Memorandum Opinion.

    /s/  *Beryl A. Howell*
UNITED STATES DISTRICT JUDGE

DATE:  February 25, 2014